GREGORY J. BROD, CSB 184456
MARKUS WILLOUGHBY, CSB 197478
WILLOUGHBY BROD, LLP
96 Jessie Street
San Francisco, California 94105
Telephone (415) 397-1130
Facsimile (415) 397-2121

Attorneys for Plaintiffs
DANA SMITHEE, E.M.,
a minor by and through guardian
ad litem JENNIFER MONTES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA SMITHEE, "E.M.", a minor, by and through her guardian ad litem, JENNIFER MONTES, <br><br> Plaintiffs, <br><br> vs. <br><br> CALIFORNIA CORRECTIONAL INSTITUTION, STATE OF CALIFORNIA, RHONDA LITT-STONER, and DOES 1 through 200, <br><br><br> Defendants. | Case No.  . <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **Violation of 14th Amendment) to U.S. Constitution (42 U.S.C. § 1983);** <br> 2. **Violation of 8th Amendment) to U.S. Constitution (42 U.S.C. § 1983);** <br> 3. **Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983);** <br> 4. **Failure to Train (42 U.S.C. § 1983);** <br> 5. **Cal. Gov. Code § 845.6;** <br> 6. **Negligence** <br> 7. **Wrongful Death (CCP § 377.60)** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs DANA SMITHEE and "E.M.", a minor by and through her guardian ad litem, JENNIFER MONTES, hereby complain and allege against Defendants CALIFORNIA

---

**COMPLAINT FOR DAMAGES:** Case No.

CORRECTIONAL INSTITUTION, STATE OF CALIFORNIA, RHONDA LITT-STONER,

and DOES 1 through 200, and each of them, as follows:

## I. JURISDICTION, VENUE AND GENERAL ALLEGATIONS

1.      Plaintiff DANA SMITHEE is an individual, and at all relevant times

mentioned herein, was a resident of the State of California, County of Kern.

2.      Plaintiff "E.M." is a minor, by and through her guardian ad litem, JENNIFER

MONTES, and is a resident of the State of Washington, King County.

3.      CYRUS AYERS is an individual, who is deceased.

4.      Plaintiff DANA SMITHEE is the mother of Decedent CYRUS AYERS.

5.      Plaintiff E.M. is the only child and heir of Decedent CYRUS AYERS.

6.      Defendant STATE OF CALIFORNIA (hereinafter referred to as the "STATE")

is a municipal entity organized under the laws of the State of California.

7.      Defendant CALIFORNIA CORRECTIONAL INSTITUTION (hereinafter

referred to as "C.C.I.") is a correctional facility located in Tehachapi, California.

8.      Based upon information and belief, Defendant STATE operates, manages, directs,

and/or controls Defendant C.C.I.

9.      Defendant RHONDA LITT-STONER is an individual, who at all relevant times

mentioned herein, was the Chief Executive Officer ("CEO") for Health Care Services at

Defendant C.C.I.

10.     Defendant DOE 1 is the Chief of Mental Health at Defendant C.C.I.

11.     Defendant DOE 2 is the Clinical Director at Defendant C.C.I.

12.     Defendant DOE 3 is the Health Care Manager at Defendant C.C.I.

13.     Defendant DOES 4 through DOE 50 are, upon information and belief, employees

**COMPLAINT FOR DAMAGES:** Case No.

- 2

of Defendant STATE, and in acting or failing to act as alleged herein, were doing so in the

course and scope of their employment with Defendant STATE. These DOE Defendants are sued

under fictitious names as their true identities are unknown to plaintiffs. When their true names

and capacities are ascertained, plaintiffs will amend this Complaint by inserting the true names

and capacities of said defendants.

14.     Defendant DOES 51 through DOE 100 are, upon information and belief,

employees of Defendant C.C.I., and in acting or failing to act as alleged herein, were doing so in

the course and scope of their employment with Defendant C.C.I. These DOE Defendants are

sued under fictitious names as their true identities are unknown to plaintiffs. When their true

names and capacities are ascertained, plaintiffs will amend this Complaint by inserting the true

names and capacities of said defendants.

15.     Defendant DOES 101 through DOE 200 acted or failed to act as alleged herein,

and are sued under fictitious names as their true identities are unknown to plaintiffs. When their

true names and capacities are ascertained, plaintiffs will amend this Complaint by inserting the

true names and capacities of said defendants.

16.     Jurisdiction is proper in this Court because the claimed damages exceed the

minimum jurisdiction of this Court.  Venue is proper in this Court because the injuries giving

rise to this action occurred in the County of Kern.

17.     Jurisdiction is proper as this matter involves a federal question arising out of

rights granted by the United States Constitution.

18.     At all times mentioned herein, each and every defendant was the agent of each

other and had the legal duty to oversee and supervise the hiring, conduct, employment and

discipline of each and every other defendant herein.  Each of the defendants caused, and are

**COMPLAINT FOR DAMAGES:** Case No.

responsible for, the unlawful conduct described herein. Each defendant is responsible for plaintiffs' injuries by personally participating in the unlawful conduct; acting jointly and in concert with others who did so; authorizing, acquiescing in, or failing to take action to prevent the unlawful conduct; promulgating policies and procedures pursuant to which the unlawful conduct occurred; failing and refusing, with deliberate indifference, to implement and maintain adequate training and supervision; and/or by ratifying the unlawful conduct.

19.     All individual defendants herein were acting in their individual capacities and under color of state law.

20.     At all times mentioned herein, each and every individual defendant was acting under the color of the laws, statutes, ordinances, policies, practices, customs and usages of Defendants STATE and/or C.C.I.

21.     Pursuant to California Govt. Code § 910, et seq., plaintiffs were required to comply with the Government Claims Act, and submitted a written claim for injury to Defendant STATE on behalf of Defendants STATE and C.C.I. on or about June 18, 2018, which claim was denied on or about July 6, 2018.

22.     Despite requests for CYRUS AYERS' mental health records, which are in the possession of defendants, and each of them, plaintiffs were denied access to said records, and as a result, certain allegations herein are based upon information and belief.

## II.  GENERAL FACTUAL ALLEGATIONS

23.     CYRUS AYERS had been an inmate within the correctional system of Defendant STATE, and had served approximately four years of a seven-year sentence.

24.     In or about November of 2017, CYRUS AYERS was transferred from KERN

**COMPLAINT FOR DAMAGES:** Case No.

VALLEY STATE PRISON (hereinafter "KVSP"), another correctional facility owned and operated by Defendant STATE, to Defendant C.C.I.

25.     By the time of his death, defendants, and each of them, knew or should have known that CYRUS AYERS was in dire need of mental health treatment, and that he was a suicide risk.

26.     Specifically, CYRUS AYERS had expressed suicidal ideations, including but not limited to asking "What would you do if you came into the cell and saw me hanging?"

27.     Prior to his death and while incarcerated within Defendant STATE's prison system, CYRUS AYERS made at least two unsuccessful suicide attempts.

28.     CYRUS AYERS wrote multiple letters, expressing suicidal thoughts, and received letters, regarding his expression of suicide.

29.     Based upon Defendant C.C.I.'s policy of reviewing prisoner's mail other than legal mail, defendants knew or should have known of CYRUS AYERS' suicidal ideations.

30.     Defendant STATE and Defendant DOES 4 to 50 knew of CYRUS AYERS' suicide attempts and failed to document his records, and/or failed to notify anyone of his mental health history upon Mr. AYERS' transfer to Defendant C.C.I.  Specifically, Defendant STATE and Defendant DOES 4 to 50 were deliberately indifferent to Mr. AYERS' serious medical needs at all relevant times mentioned herein.

31.     Upon Mr. AYERS' transfer from KVSP to Defendant C.C.I., Defendant LITT-STONER and Defendant DOES 1 to 3 and 51 to 100 failed to inquire about CYRUS AYERS' medical and mental health condition, including his previous suicide attempts, suicidal ideations, and self-harming behavior.  Specifically, Defendant LITT-STONER and Defendant DOES 1 to 3

**COMPLAINT FOR DAMAGES:** Case No.

and 51 to 100 were deliberately indifferent to Mr. AYERS' serious medical needs at all relevant times mentioned herein.

32.    The CALIFORNIA DEPARTMENT OF CORRECTIONS AND RERHABILITATION ("CDCR") MENTAL HEALTH DELIVERY SYSTEM ("MHDS"), definition of a "CRISIS" includes a rapid onset or exacerbation of mental illness, which may include suicidality or other aberrant behavior which requires immediate intervention.

33.    Notwithstanding Mr. AYERS expressions of suicidal ideations, including but not limited to "What if you came into my cell and saw me hanging?", defendants, and each of them, failed to identify a CRISIS, and failed to intervene on Mr. AYERS' behalf, in any way.

34.    On or about February 2, 2018, CYRUS AYERS died by hanging while under the custody and control of defendants and each of them, at Defendant C.C.I. in Tehachapi, California.

35.    The Certificate of Death for CYRUS AYERS, dated February 21, 2018, described the cause of death as asphyxia from hanging, and that Mr. AYERS' death occurred at 11:28 a.m.

36.    Defendant LITT-STONER and Defendant DOES 1 to 3 and 51 to 100 knew or should have known that CYRUS AYERS should have been placed on a suicide watch, which would have prevented his death on February 2, 2018.

37.    Defendant LITT-STONER and Defendant DOES 1 to 3 and 51 to 100 knew or should have known that CYRUS AYERS should have been prescribed medications that would have prevented his death on February 2, 2018.

38.    Defendant DOES 1 to 3 and 51 to 100 prescribed decedent CYRUS AYERS medications which were to address a chemical dependency on opioids without regard to Mr. AYERS' state of mental health.

**COMPLAINT FOR DAMAGES:** Case No.
- 6

39.     Toxicology reports after Mr. AYERS' death indicate that the narcotic Naloxone was within Mr. AYERS' body at a 2 - 5 times the recommended safe dosage of that substance.

40.     Defendant DOES 1 to 3 and 51 to 100 failed to ensure that CYRUS AYERS was taking his prescribed medications when they were given to him, and failed to ensure Mr. AYERS did not compile or hoard said medications, in order to consume large dosages at a later time.

41.     Defendant DOES 1 to 3 and 51 to 100 knew or should have known that excessive dosages of Naloxone would cause depression, and knew or should have known that Mr. AYERS would be at a high risk if suicide, should he become depressed due to a narcotic or other substance.

42.     Defendant LITT-STONER and Defendant DOES 1 to 200 knew or should have known that CYRUS AYERS should have received mental health counseling, which would have prevented his death on February 2, 2018.

43.     Based upon information and belief, Defendants STATE and C.C.I. maintained customs and practices of denying their inmates adequate medical and mental health care, and in many instances, no mental health care, whatsoever.  Evidence of said customs and practices, which have become policy, includes but is not limited to the following:

    a)      Policies to have no mental health evaluations of inmates upon admission to the prison;

    b)      Policies to have no ongoing mental health evaluations of inmates;

    c)      Lack of, or no training to instruct staff to identify signs of suicidal tendencies of inmates;

    d)      Lack of, or no disciplinary measures regarding staff who fail to report signs of suicidal tendencies of inmates;

**COMPLAINT FOR DAMAGES:** Case No.

e)    Failure to supervise nursing staff, including R.N.'s and L.V.N.'s;

f)    Failure to document suicidal tendencies and expressions of suicidal

      ideations of inmates;

g)    Failure to document suicide attempts of inmates;

h)    Failure to follow policies regarding placing inmates on a suicide watch;

i)    Failure to supervise prison staff who are responsible for suicide watch;

j)    Failure to monitor inmate patients who have been prescribed medications

      that may affect mental health;

k)    Failure to have licensed mental health care staff available at the C.C.I.

      prison;

l)    Employing health care staff who were unsupervised by licensed

      physicians;

m)    Failure to retain medical and mental health records of inmate patients;

n)    Ignoring a "crisis", as it is defined by the CALIFORNIA DEPARTMENT

      OF CORRECTIONS AND REHABILITATION ("CDCR") MENTAL

      HEALTH DELIVERY SYSTEM ("MHDS");

o)    Failure to refer decedent CYRUS AYERS to mental health services in

      violation of the CDCR MHDS.

44.    Based upon a Statistical Report for the year 2017, Defendant C.C.I. was the

lowest state prison in the entire State of California in mental health services provided to inmates,

and one of two facilities that were deemed to be substandard mental health care by the

Department of Corrections.  Defendant LITT-STONER and Defendant DOES 1 to 200 were

**COMPLAINT FOR DAMAGES:** Case No.

deliberately indifferent in ignoring said report and its findings, which proximately contributed to and caused the death of CYRUS AYERS.

45.     In the five-month period surrounding CYRUS AYERS' death, Defendant C.C.I. had a higher suicide rate than any state prison in the entire State of California, including facilities with equal or greater inmate populations.  Defendant LITT-STONER and Defendant DOES 1 to 200 were deliberately indifferent in ignoring the excessive suicide rate at C.C.I., which proximately contributed to and caused the death of CYRUS AYERS.

46.     Based upon a Statistical Report in September 2018, Defendant C.C.I. was the lowest state prison in the entire State of California in hiring mental health staff, and one of two facilities that met "zero percent" of the staff hiring goals set forth by the Department of Corrections.  In ignoring the report and findings of the 2017 Statistical Report and the excessive suicide rate between December 2017 and May 2018, Defendant LITT-STONER and Defendant DOES 1 to 200 were deliberately indifferent to the serious medical and mental health needs of C.C.I. inmates, in that defendants affirmatively and consistently chose to understaff the prison, and understaff mental health services at C.C.I., which proximately contributed to and caused the death of CYRUS AYERS.

### III.  CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Violation of Fourteenth Amendment to U.S. Constitution**
**(42 U.S.C. § 1983)**
**All Defendants**

47.     Plaintiffs incorporate herein by reference and re-allege the allegations stated in paragraphs 1 through 46, inclusive, of this Complaint For Damages.

48.     During CYRUS AYERS's incarceration at KVSP, defendants, and each of them, knew or should have known of Mr. AYERS' serious medical and mental health conditions, and

---

**COMPLAINT FOR DAMAGES:** Case No.

of his dire need for medical and mental health care.  Specifically, defendants, and each of them,

knew or should have known that Mr. AYERS had expressed suicidal thoughts, had made

attempts to commit suicide prior to being transferred to Defendant C.C.I., and was a suicide risk.

49.     In addition, defendants, and each of them, knew or should have known of Mr.

AYERS' serious medical and mental health conditions.

50.     Despite knowing of CYRUS AYERS' serious and dire medical and mental health

conditions, defendants, and each of them, in their individual capacities, were deliberately

indifferent to Mr. AYERS' serious medical needs.  All defendants in their individual capacities,

were deliberately indifferent to Mr. AYERS' serious medical needs.

51.     In ignoring CYRUS AYERS' medical and mental health history, his expressions

of suicidal thoughts and prior attempts to commit suicide, defendants, and each of them, who

were acting under color of law in their individual capacities, objectively deprived Mr. AYERS of

medical and mental health care, and were subjectively reckless and deliberately indifferent to

Mr. AYERS' severe and serious medical and mental health needs.

52.     The duties of all defendants were well established at the time of the deliberate

indifference, and thus the doctrine of qualified immunity does not apply.

53.     All individual defendants herein were acting in their individual capacities and

under color of state law.

54.     As a direct and proximate result of the acts and omissions as described herein,

CYRUS AYERS was deprived of his constitutional rights, which directly caused his death, and

caused the damages suffered by the plaintiffs herein.

55.     As a direct and proximate result of defendants' deliberate indifference, Plaintiffs

DANA SMITHEE and E.M., a minor, by and through her guardian ad litem, JENNIFER

**COMPLAINT FOR DAMAGES:** Case No.

MONTES, have suffered general and special damages including but not limited to loss of love, companionship, comfort, care and support in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### Violation of Eighth Amendment to U.S. Constitution
### (42 U.S.C. § 1983)
### All Defendants

56.     Plaintiffs incorporate herein by reference and re-allege the allegations stated in paragraphs 1 through 55, inclusive, of this Complaint For Damages.

57.     During CYRUS AYERS's incarceration at KVSP, defendants, and each of them, knew or should have known of Mr. AYERS' serious medical and mental health conditions, and of his dire need for medical and mental health care.  Specifically, defendants, and each of them, knew or should have known that Mr. AYERS had expressed suicidal thoughts, had made attempts to commit suicide prior to being transferred to Defendant C.C.I., and was a suicide risk.

58.     In addition, defendants, and each of them, knew or should have known of Mr. AYERS' serious medical and mental health conditions.

59.     Despite knowing of CYRUS AYERS' serious and dire medical and mental health conditions, defendants, and each of them, in their individual capacities, were deliberately indifferent to Mr. AYERS' serious medical needs.  All defendants in their individual capacities, were deliberately indifferent to Mr. AYERS' serious medical needs.

60.     In ignoring CYRUS AYERS' medical and mental health history, his expressions of suicidal thoughts and prior attempts to commit suicide, defendants, and each of them, who were acting under color of law in their individual capacities, objectively deprived Mr. AYERS of medical and mental health care, and were subjectively reckless and deliberately indifferent to Mr. AYERS' severe and serious medical and mental health needs.

**COMPLAINT FOR DAMAGES:** Case No.

61.     The duties of all defendants were well established at the time of the deliberate indifference, and thus the doctrine of qualified immunity does not apply.

62.     All individual defendants herein were acting in their individual capacities and under color of state law.

63.     The acts and omissions as described herein equated to cruel and unusual punishment, and a violation of the Eighth Amendment to the United States Constitution.

64.     As a direct and proximate result of the acts and omissions as described herein, CYRUS AYERS was deprived of his constitutional rights, which directly caused his death, and caused the damages suffered by the plaintiffs herein.

65.     As a direct and proximate result of defendants' deliberate indifference, Plaintiffs DANA SMITHEE and E.M., a minor, by and through her guardian ad litem, JENNIFER MONTES, have suffered general and special damages including but not limited to loss of love, companionship, comfort, care and support in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### Unconstitutional Custom, Practice or Policy
### (42 U.S.C. § 1983)
### <u>All Defendants</u>

66.     Plaintiffs incorporate herein by reference and re-allege the allegations stated in paragraphs 1 through 65, inclusive, of this Complaint For Damages.

67.     During CYRUS AYERS's incarceration at KVSP, defendants, and each of them, knew or should have known of Mr. AYERS' serious medical and mental health conditions, and of his dire need for medical and mental health care.  Specifically, defendants, and each of them, knew or should have known that Mr. AYERS had expressed suicidal thoughts, had made attempts to commit suicide prior to being transferred to Defendant C.C.I., and was a suicide risk.

**COMPLAINT FOR DAMAGES:** Case No.

68.     Based upon information and belief, Defendants STATE and C.C.I. maintained customs and practices of denying their inmates adequate medical and mental health care, and in many instances, no mental health care, whatsoever.  Evidence of said customs and practices, which have become policy, includes but is not limited to the following:

a)     Policies to have no mental health evaluations of inmates upon admission to the prison;

b)     Policies to have no ongoing mental health evaluations of inmates;

c)     Lack of, or no training to instruct staff to identify signs of suicidal tendencies of inmates;

d)     Lack of, or no disciplinary measures regarding staff who fail to report signs of suicidal tendencies of inmates;

e)     Failure to supervise nursing staff, including R.N.'s and L.V.N.'s;

f)     Failure to document suicidal tendencies and expressions of suicidal ideations of inmates;

g)     Failure to document suicide attempts of inmates;

h)     Failure to follow policies regarding placing inmates on a suicide watch;

i)     Failure to supervise prison staff who are responsible for suicide watch;

j)     Failure to monitor inmate patients who have been prescribed medications that may affect mental health;

k)     Failure to have licensed mental health care staff available at the C.C.I. prison;

l)     Employing health care staff who were unsupervised by licensed physicians;

**COMPLAINT FOR DAMAGES:** Case No.

m)  Failure to retain medical and mental health records of inmate patients;

n)  Ignoring a "crisis", as it is defined by the CALIFORNIA DEPARTMENT

OF CORRECTIONS AND REHABILITATION ("CDCR") MENTAL

HEALTH DELIVERY SYSTEM ("MHDS");

o)  Failure to refer decedent CYRUS AYERS to mental health services in

violation of the CDCR MHDS.

69.  Defendant RHONDA LITT-STONER and DOES 1 to 200 were supervisors for Defendant STATE and supported, endorsed, and/or acquiesced to the aforementioned customs and practices regarding medical and mental health care of their inmates.

70.  Defendant RHONDA LITT-STONER and DOES 1 to 200 failed to supervise, investigate and discipline their respective staff, who were entrusted to oversee the medical and mental health care of their inmates.

71.  Defendants' unconstitutional customs, practices and policies are further evidenced by the suicide rate at C.C.I. being higher than any STATE prison during the .

72.  Despite knowing of CYRUS AYERS' serious and dire medical and mental health conditions, defendants, and each of them, in their individual capacities, were deliberately indifferent to Mr. AYERS' serious medical needs.  All defendants in their individual capacities, were deliberately indifferent to Mr. AYERS' serious medical needs.

73.  In ignoring CYRUS AYERS' medical and mental health history, his expressions of suicidal thoughts and prior attempts to commit suicide, defendants, and each of them, who were acting under color of law in their individual capacities, objectively deprived Mr. AYERS of medical and mental health care, and were subjectively reckless and deliberately indifferent to Mr. AYERS' severe and serious medical and mental health needs.

**COMPLAINT FOR DAMAGES:** Case No.

74.     The duties of all defendants were well established at the time of the deliberate indifference, and thus the doctrine of qualified immunity does not apply.

75.     All individual defendants herein were acting in their individual capacities and under color of state law.

76.     The acts and omissions as described herein equated to cruel and unusual punishment, and a violation of the Eighth Amendment to the United States Constitution.

77.     As a direct and proximate result of the acts and omissions as described herein, CYRUS AYERS was deprived of his constitutional rights, which directly caused his death, and caused the damages suffered by the plaintiffs herein.

78.     As a direct and proximate result of defendants' deliberate indifference, Plaintiffs DANA SMITHEE and E.M., a minor, by and through her guardian ad litem, JENNIFER MONTES, have suffered general and special damages including but not limited to loss of love, companionship, comfort, care and support in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### Failure to Train
### (42 U.S.C. § 1983)
### All Defendants

79.     Plaintiffs incorporate herein by reference and re-allege the allegations stated in paragraphs 1 through 78, inclusive, of this Complaint For Damages.

80.     During CYRUS AYERS's incarceration at KVSP, defendants, and each of them, knew or should have known of Mr. AYERS' serious medical and mental health conditions, and of his dire need for medical and mental health care.  Specifically, defendants, and each of them, knew or should have known that Mr. AYERS had expressed suicidal thoughts, had made attempts to commit suicide prior to being transferred to Defendant C.C.I., and was a suicide risk.

**COMPLAINT FOR DAMAGES:** Case No.

81.     In addition, defendants, and each of them, knew or should have known of Mr. AYERS' serious medical and mental health conditions.

82.     Despite knowing of CYRUS AYERS' serious and dire medical and mental health conditions, defendants, and each of them, in their individual capacities, were deliberately indifferent to Mr. AYERS' serious medical needs.  All defendants in their individual capacities, were deliberately indifferent to Mr. AYERS' serious medical needs.

83.     In ignoring CYRUS AYERS' medical and mental health history, his expressions of suicidal thoughts and prior attempts to commit suicide, defendants, and each of them, who were acting under color of law in their individual capacities, objectively deprived Mr. AYERS of medical and mental health care, and were subjectively reckless and deliberately indifferent to Mr. AYERS' severe and serious medical and mental health needs.

84.     The CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ("CDCR") MENTAL HEALTH DELIVERY SYSTEM ("MHDS"), definition of a "CRISIS" includes a rapid onset or exacerbation of mental illness, which may include suicidality or other aberrant behavior which requires immediate intervention.

85.     Notwithstanding Mr. AYERS expressions of suicidal ideations, including but not limited to "What if you came into my cell and saw me hanging?", defendants, and each of them, failed to identify a CRISIS, and failed to intervene on Mr. AYERS' behalf, in any way.

86.     Defendants failed to train staff to recognize of mental health crisis symptoms, a plan for immediate staff response, and procedures for referral to clinical staff, all of which are required by the CDCR MHDS.

87.     In addition, defendants' failures in training staff include but are not limited to the following:

**COMPLAINT FOR DAMAGES:** Case No.

     a)     Failure to train licensed personnel on ongoing mental health evaluations of inmates;

     b)     Lack of, or no training to instruct staff to identify signs of suicidal tendencies of inmates;

     c)     Failure to train staff how to document suicide attempts of inmates;

     d)     Failure to train prison staff who are responsible for suicide watch.

88.     The duties of all defendants were well established at the time of the deliberate indifference, and thus the doctrine of qualified immunity does not apply.

89.     All individual defendants herein were acting in their individual capacities and under color of state law.

90.     As a direct and proximate result of the acts and omissions as described herein, CYRUS AYERS was deprived of his constitutional rights, which directly caused his death, and caused the damages suffered by the plaintiffs herein.

91.     As a direct and proximate result of defendants' deliberate indifference, Plaintiffs DANA SMITHEE and E.M., a minor, by and through her guardian ad litem, JENNIFER MONTES, have suffered general and special damages including but not limited to loss of love, companionship, comfort, care and support in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**
**Cal. Govt. Code § 845.6**
**<u>All Defendants</u>**

92.     Plaintiffs incorporate herein by reference and re-allege the allegations stated in paragraphs 1 through 88, inclusive, of this Complaint For Damages.

**COMPLAINT FOR DAMAGES:** Case No.

93.    At all relevant times mentioned herein, defendants, and each of them, knew or had reason to know that CYRUS AYERS was in immediate need of medical care and failed to take reasonable action to summon such care.

94.    In ignoring CYRUS AYERS' mental health history, behavioral history, suicidal ideations and expressions, and suicide attempts, Defendant LITT-STONER and Defendant DOES 1 to 200, and each of them, who were acting under color of law in their individual capacities, objectively deprived Mr. AYERS of care, and were subjectively reckless and deliberately indifferent to Mr. AYERS' severe and serious medical and mental health needs.

95.    Defendants' duties were well established at the time of the deliberate indifference as described herein and thus the doctrine of qualified immunity does not apply.

96.    Defendant LITT-STONER and Defendant DOES 1 to 200's failure to summon medical or mental health care for CYRUS AYERS was done in the course and scope of their respective employment with Defendants STATE and/or C.C.I., while acting under color of law, rendering Defendants STATE and/or C.C.I., vicariously liable pursuant to Section 815.2 of the California Government Code.

97.    Defendants, and each of them, had ample opportunities to summon mental health and medical care for CYRUS AYERS, and had they acted to respond to Mr. AYERS' medical and mental health needs, Mr. AYERS would not have taken his life on February 2, 2018.

98.    As a direct and proximate result of the conduct of Defendants, and each of them, CYRUS AYERS was deprived of mental health care, counseling, medication, and/or supervision, to the point where he suffered the ultimate irreparable injury, death.

99.    As a direct and proximate result of defendants' acts and omissions as described herein, Plaintiffs DANA SMITHEE and E.M., a minor, by and through her guardian ad litem,

**COMPLAINT FOR DAMAGES:** Case No.

JENNIFER MONTES, have suffered general and special damages including but not limited to loss of love, companionship, comfort, care and support in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
### Negligence
### (Individual Defendants)

100.    Plaintiff incorporates herein by reference and re-alleges the allegations stated in Paragraphs 1 through 99, inclusive, of this First Amended Complaint.

101.    Defendant DOES 1 to 200, and each of them, owed CYRUS AYERS a duty to use reasonable care regarding Mr. AYERS' physical and mental health.

102.    Specifically, defendants owed Mr. AYERS a duty of care to ensure he received proper mental health care, provided by licensed practitioners, that any medications be prescribed by a licensed physician, and that prescribed medications include the associated counseling and supervision.

103.    In engaging in the acts and omissions alleged herein, defendants breached their respective duties to CYRUS AYERS, which proximately caused Mr. AYERS' death.

104.    The acts and/or omissions of Defendant DOES 1 to 200 as set forth herein were done in the course and scope of their respective employment with Defendants CALIFORNIA CORRECTIONAL INSTITUTION or STATE OF CALIFORNIA acting under color of law, rendering defendants vicariously liable pursuant to Section 815.2 of the Government Code.

105.    As a direct and proximate result of defendants' negligence as described herein, Plaintiffs DANA SMITHEE and E.M., a minor, by and through her guardian ad litem, JENNIFER MONTES, have suffered general and special damages including but not limited to loss of love, companionship, comfort, care and support in an amount to be proven at trial.

//

**COMPLAINT FOR DAMAGES:** Case No.

- 19

## SEVENTH CAUSE OF ACTION
### Wrongful Death
### (C.C.P. § 377.60)
### All Defendants

106.    Plaintiffs incorporate herein by reference and re-allege the allegations stated in paragraphs 1 through 105, inclusive, of this Complaint For Damages.

107.    During CYRUS AYERS's incarceration at KVSP, defendants, and each of them, knew or should have known of Mr. AYERS' serious medical and mental health conditions, and of his dire need for medical and mental health care.  Specifically, defendants, and each of them, knew or should have known that Mr. AYERS had expressed suicidal thoughts, had made attempts to commit suicide prior to being transferred to Defendant C.C.I., and was a suicide risk.

108.    In addition, defendants, and each of them, knew or should have known of Mr. AYERS' serious medical and mental health conditions.

109.    In doing the acts and omissions alleged herein, defendants breached their respective duties to CYRUS AYERS, which proximately caused Mr. AYERS' death.

110.    As a direct and proximate result of defendants' deliberate indifference, Plaintiffs DANA SMITHEE and E.M., a minor, by and through her guardian ad litem, JENNIFER MONTES, have suffered general and special damages including but not limited to loss of love, companionship, comfort, care and support in an amount to be proven at trial.

### IV.  DEMAND FOR JURY TRIAL

Plaintiffs DANA SMITHEE and E.M., a minor, hereby demand a trial by jury.

### V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment in its favor and against Defendants, and each of them, as follows:

1.    For compensatory damages in an amount according to proof;

---

**COMPLAINT FOR DAMAGES:** Case No.

2.   For punitive damages against the individual defendants, including Defendant DOES 1 to 200, according to proof;

3.   For attorneys' fees pursuant to 42 U.S.C. §§ 1988 and 12205;

4.   For an award of three times the amount of actual damages, pursuant to California Civil Code §§52(a);

5.   For any applicable statutory penalties;

6.   Recovery of costs and expenses;

7.   Pre- and post-judgment interest;

8.   Such other and further relief as the Court deems just and proper.


Dated:  December __31__, 2018          **WILLOUGHBY BROD, LLP**


                                        By: _____
                                              GREGORY J. BROD

                                        *Attorneys for Plaintiffs*
                                        *DANA SMITHEE, E.M.,*
                                        *a minor by and through guardian*
                                        *ad litem JENNIFER MONTES*


**COMPLAINT FOR DAMAGES:** Case No.

- 21