# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA SMITHEE AND E.M., a minor by and through her guardian ad litem JENNIFER MONTES,<br><br>                Plaintiffs,<br><br>         v.<br><br>CALIFORNIA CORRECTIONAL INSTITUION, STATE OF CALIFONRIA, RHONDA LITT-STONER, and DOES 1 through 200,<br><br>                Defendants. | Case No.: 1:19-cv-00004 LJO - JLT<br><br>ORDER GRANTING THE PETITION TO APPOINT JENNIFER MONTES AS GUARDIAN AD LITEM FOR MINOR PLAINTIFF E.M.<br><br>(Doc. 7) |

Dana Smithee and E.M., a minor, assert Defendants are liable for the death of Cyrus Ayers, who died while in custody of the state at California Correctional Institution – Tehachapi (*See generally* Doc. 1) Jennifer Montes seeks appointment as the guardian ad litem for E.M., the daughter of Ms. Montes and Mr. Ayers. (Doc. 7) For the following reasons, the request for appointment of Ms. Bonello as the guardian ad litem is **GRANTED**.

## I.    Appointment of a Guardian Ad Litem

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to

1

1  sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b).

2  Because E.M. resides in Washington state, the law of Washington state governs. Notably,

3  "Washington's civil rules are silent as to a party's capacity for suit." *Thomas v. Cannon*, 2017 WL

4  2402791 (W. Wa. June 1, 2017) (citing See Wash. Super. Ct. Civ. R. 17) "Instead, courts must rely on

5  statutory and common law to determine capacity for suit." *Id.* Nevertheless, under Washington state

6  law, the appointment of a guardian ad litem is proper when "the court is reasonably convinced that the

7  litigant is not competent to understand the significance of legal proceedings and the effect of such

8  proceedings on the litigant's best interests." *In re Marriage of Blakely*, 111 Wn. App. 351, 358, 44

9  P.3d 924 (2002). Accordingly, a guardian ad litem may be appointed to represent the interests of an

10  individual who has not reached the age of majority, which is defined "for all purposes at the age of

11  eighteen years." *See Burt v. Ross*, 43 Wn. App. 129, 715 P.2d 538, 539 (Wash. Ct. App. 1986).

12  **II.     Discussion and Analysis**

13  Plaintiffs allege that E.M. is the three-year-old daughter of Jennifer Montes, residing in the

14  state of Washington. (Doc. 1 at 2, ¶ 2; *see also* Doc. 7 at 2, ¶ 1) As a minor, the Court finds E.M.'s

15  ability to bring suit is contingent upon the appointment of a guardian ad litem. Upon review of the

16  complaint, it does not appear Ms. Montes has any adverse interests to those of her daughter, because

17  Ms. Montes is not a plaintiff in the action. Accordingly, appointment of Ms. Bonello as guardian ad

18  litem for her son is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally,

19  when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as

20  the child there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S.

21  Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing that "[a] parent is generally appointed

22  guardian ad litem").

23  **III.     Conclusion and Order**

24  The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of

25  the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). Here, it

26  does not appear Ms. Montes has conflicting interests, and as such she may be appointed to represent

27  the interests of her daughter. Therefore, the Court is acting within its discretion to grant the

28  application to be appointed as the guardian ad litem.

1    Based upon the foregoing, the Court **ORDERS**:

2    1.    The motion for appointment of Jennifer Montes as guardian ad litem for E.M. (Doc. 7)

3          is **GRANTED**; and

4    2.    Jennifer Montes is appointed to act as guardian ad litem for Plaintiff E.M., and is

5          authorized to prosecute this action on her behalf.

6

7    IT IS SO ORDERED.

8        Dated:    **January 7, 2019**              **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE
9