UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA SMITHEE, "E.M.", a minor, by and through her guardian ad litem, JENNIFER MONTES,<br><br>        Plaintiffs,<br><br>vs.<br><br>CALIFORNIA CORRECTIONAL INSTITUTION, et al.,<br><br>        Defendants. | Case No. 1:19-cv-0004 LJO JLT<br><br>**ORDER DENYING AS UNRIPE STIPULATION TO FILE A SECOND AMENDED COMPLAINT**<br>(Doc. 21) |

The parties have stipulated to allow the plaintiff to file a second amended complaint. (Doc. 21) The second amended complaint will add claims that are based upon state law. Id. Before she can do this, she must receive a response to the government claim filed pursuant to California Government Code §§ 910., et seq.

The Court notes that the events that give rise to the complaint—the decedent's death—occurred on February 2, 2018. (Doc. 19 at 7) Generally, government claims for personal injury must be submitted within six months of the accrual of the tort. Cal. Gov. Code § 911.2. Under Cal. Gov. Code § 911.4, a request for leave to submit a late claim must be presented within one year of the accrual of the event. The stipulation does not indicate when the plaintiff submitted her petition for leave to submit a

1

late claim[1] other than to state it was "just presented." Id. at 2. This seems to indicate plaintiff submitted the claim more than a year after the February 2, 2018 events.  If the Board denies the request to submit the late claim, the plaintiff must petition the Superior Court to be relieved from the necessity of compliance with the claims-presentation procedure. Cal. Gov. Code § 946.6.  For this relief to be granted, "a petitioner must show more than his or her failure to discover a fact until too late; the petitioner must establish that in the use of reasonable diligence he or she failed to discover it." Munoz v. State of California, 33 Cal.App.4th 1767, 1784 (1995).

Though the Court has few details related to the claim or why the plaintiff did not submit it before now.  However, it appears unlikely that a determination of the claim's merits will made any time soon and there is substantial reason to think that the plaintiff will not be permitted to proceed on state law claims.  Thus, any request to file a second amended complaint is unripe.  The plaintiff may re-submit the stipulation if she satisfies the requirements for the Government Code or a court excuses her from doing so.  Thus, the stipulation is **DENIED as UNRIPE**.

IT IS SO ORDERED.

  Dated:  **May 10, 2019**                              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Indeed, the stipulation does not assert that a petition for leave to submit a late claim was presented at all.  Rather, it indicates only that the plaintiff submitted a "claim pursuant to California Govt. Code § 910, et seq." (Doc. 21 at 2)