# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA SMITHEE, et al., | Case No.: 1:19-cv-00004-LJO-JLT |
| Plaintiffs, | ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTIONS TO DISMISS |
| v. | |
| CALIFORNIA CORRECTIONAL INSTITUTION, et al., | (Docs. 48, 49, 54 and 56) |
| Defendants. | |

After Cyrus Ayers killed himself while in custody, the child, E.M. and his mother, Dana Smithee, filed this lawsuit. They allege Ayers was not provided proper medical care during his incarceration at the California Correctional Institution in Tehachapi and this resulted in his death. In their third amended complaint, Plaintiffs claim that Defendant Narayan, Chief Psychiatrist at CCI, and Defendants Seymour and Celosse, psychologists at CCI, are liable for Ayers' death.

Defendants Litt-Stoner, Seymour, Nesson and Celosse previously moved the Court to dismiss the action. Because the second amended complaint failed to state a federal cause of action, the Court dismissed it with leave to amend. (Doc. 47.) On August 29, 2019, Plaintiffs filed a third amended complaint, which only includes the following defendants: Narayan, Seymour and Celosse. (Doc. 45.)

On September 20, 2019, Defendants Narayan, Seymour and Celosse moved the Court to dismiss the action. (Docs. 48, 49.) Because the third amended complaint still failed to state a federal cause of action, the Court recommended it be dismissed with leave to amend. On November 5, 2019,

Plaintiffs filed objections to the findings and recommendation. (Doc. 55.) On November 8, 2019, Plaintiffs filed a separate request for hearing. (Doc. 56.)[1] On November 11, 2019, Defendant Narayan filed a reply to Plaintiffs' objections. (Doc. 57.) On November 19, 2019, Defendants Celosse and Seymour also filed a reply to Plaintiffs' objections. (Doc. 58.)

In their objections, Plaintiffs contend that disregarding a heightened risk of suicide is a question of fact. (Doc. 55 at 2-3.) They also allege that this Court has not drawn inferences in the light most favorable to the Plaintiffs. For example, they claim that Plaintiffs have pled facts that could support Defendants' knowledge of Ayers' heightened suicide risk and the conscious and affirmative decision to not provide the preventative measure of a suicide watch. (Doc. 55 at 3.) Regarding Defendant Narayan, Plaintiffs claim that they do allege the factual basis for establishing a causal connection between preventative measures, such as suicide watch, and the resulting suicide of a prisoner. (Doc. 55 at 4.) Plaintiffs reiterate the same allegations of the third amended complaint regarding Defendant Celosse. (Doc. 55 at 5.) Plaintiffs assert that there are no allegations that Defendants chose the wrong course of medical treatment, and instead claim that Defendants knew Ayers was a heightened suicide risk and chose not to place him on suicide watch or recommend any medical care to prevent his eventual suicide. (Doc. 55 at 5.) As to Defendant Seymour, Plaintiffs take issue with their lack of explanation regarding Ayers' requesting Defendant Seymour to see a different clinician, stating that this explanation could be revealed during discovery. (Doc. 55 at 6.)

In reply, Defendants Narayan, Celosse and Seymour contend that the findings and recommendations should be adopted. (See generally Docs. 57, 58.) Defendant Narayan argues that the Magistrate Judge correctly found that Plaintiffs failed to plead facts demonstrating that Narayan was aware of an imminent substantial risk of harm to Ayers, and Plaintiffs failed to plead facts showing a causal connection between Narayan's conduct and Ayers' subsequent suicide. (Doc. 57 at 2.) Defendant Celosse contends that the Plaintiffs' allegations show that Celosse decided not to recommend additional treatment because she did not believe that Ayers was acutely suicidal and made a medical judgment, which does not demonstrate deliberate indifference. (Doc. 58 at 2.) Defendant

---

[1] Because the Court finds the Plaintiffs' objections and Defendants' replies adequately set forth the arguments, the Court DENIES the request for a hearing.

Celosse also alleges that Plaintiffs make contradictory arguments in the third amended complaint and their objections. (Doc. 58 at 2-3.) Defendant Seymour argues that the third amended complaint does not allege that Ayers' requests to Defendant Seymour to see his clinician demonstrated an acute risk of suicide. (Doc. 58 at 4.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and <u>Britt v. Simi Valley United School Dist.</u>, 708 F.2d 452, 454 (9th Cir. 1983), this Court conducted a de novo review of the case. Having carefully reviewed the file, including Plaintiffs' objections and Defendants' replies, the Court finds the findings and recommendations are supported by the record and proper analysis. Plaintiffs' objections present no grounds for questioning the Magistrate Judge's analysis.

Accordingly, the Court **ORDERS**:

1. The findings and recommendations dated October 23, 2019 (Doc. 54) are **ADOPTED IN FULL**;
2. Plaintiffs' Third Amended Complaint is **DISMISSED**; and
3. Plaintiffs are **GRANTED** leave to file a fourth amended complaint within 14 days.

IT IS SO ORDERED.

Dated: **December 5, 2019**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE