UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA SMITHEE, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>CALIFORNIA CORRECTIONAL INSTITUTION, et al.,<br><br>            Defendants. | No.: 1:19-cv-00004-NONE-JLT<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS<br><br>(Doc. No. 91) |

After Cyrus Ayers committed suicide while in custody, his child, E.M. and his mother, Dana Smithee (collectively, "plaintiffs"), filed this lawsuit. They allege Ayers was not provided proper medical care during his incarceration at the California Correctional Institution in Tehachapi and this resulted in his death. In their fourth amended complaint, plaintiffs claim that Defendant Litt-Stoner, Chief Executive Officer for Health Care Services at CCI, Defendant Narayan, Chief Psychiatrist at CCI, and Defendants Seymour and Celosse, psychologists at CCI, are liable for Ayers' death. (Doc. No. 65.)

On January 30, 2020, Defendants Litt-Stoner, Narayan, Seymour, and Celosse moved to dismiss this action. (Doc. Nos. 66, 67.) The court dismissed Defendants Narayan, Seymour, and Litt-Stoner from the action, and denied the motion to dismiss with respect to plaintiffs' survival claim against Celosse based on the asserted violation of Ayers' Eighth Amendment rights and plaintiffs'

Fourteenth Amendment claim. (Doc. No. 88.) The court also dismissed with leave to amend plaintiffs' wrongful death claims against defendant Celosse. (*Id.*)

On September 17, 2020, plaintiffs filed a notice of election not to amend the fourth amended complaint and to proceed only on their survival claim against Celosse based on Ayers' Eighth Amendment Rights and their Fourteenth Amendment claim. (Doc. No. 90 at 2.) On September 21, 2020, the magistrate judge issued findings and recommendation recommending dismissal of certain claims, providing the plaintiffs fourteen days to file any objections to the recommendation. (Doc. No. 91.) In addition, plaintiffs were "advised that failure to file objections within the specified time may waive the right to appeal the District Court's order." (Doc. No. 91 at 2, citing *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).) To date, no objections have been filed and the time period for doing so has expired.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this court conducted a *de novo* review of the case. Having carefully reviewed the file, the court finds the findings and recommendations are supported by the record and proper analysis.

Accordingly, the Court **ORDERS**:

1. The findings and recommendations dated September 21, 2020 (Doc. No. 91) are **ADOPTED IN FULL**;
2. Plaintiffs' wrongful death claims against Defendant Celosse are **DISMISSED**; and
3. Defendant Celosse is required to file an answer within **SIXTY DAYS** of the date of service of this order.

IT IS SO ORDERED.

Dated:  **October 16, 2020**

_____
UNITED STATES DISTRICT JUDGE