1

2

3

4

5

6

7

8                         **UNITED STATES DISTRICT COURT**

9                         **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  DANA SMITHEE, et al., | )  Case No.: 1:19-cv-00004-NONE-JLT |
| | ) |
| 12           Plaintiffs, | )  ORDER GRANTING MOTION TO AMEND THE |
| | )  FOURTH AMENDED COMPLAINT |
| 13      v. | ) |
| | )  (Doc. 115) |
| 14  CALIFORNIA CORRECTIONAL | ) |
| INSTITUTION, et al., | ) |
| 15 | ) |
| | ) |
| 16           Defendants. | ) |

17          Plaintiffs seek leave to file a fifth amended complaint. (Doc. 115.) Defendant filed an

18  opposition on December 7, 2021. (Doc. 121.) For the following reasons, Plaintiffs' motion for leave to

19  amend the fourth amended complaint is **DENIED**.

20  **I.      Background and Factual Allegations**

21          After Cyrus Ayers committed suicide while in custody, his child, E.M. and his mother, Dana

22  Smithee, filed this lawsuit. They allege Ayers was not provided proper medical care during his

23  incarceration at the California Correctional Institution in Tehachapi and this resulted in his death.

24          Plaintiffs initiated this action on December 31, 2018 (Doc. 1) and filed a first amended

25  complaint on May 6, 2019 (Doc. 19). The parties stipulated to allow Plaintiffs to file a second

26  amended complaint (Docs. 24, 25), which was filed on May 24, 2019 (Doc. 26). Defendants Litt-

27  Stoner, Seymour, Nesson and Celosse moved the Court to dismiss the action. (Doc. 29.) Because the

28  second amended complaint failed to state a federal cause of action, the Court dismissed it with leave to

amend. (Doc. 47.) On August 29, 2019, Plaintiffs filed a third amended complaint, which only included the following defendants: Narayan, Seymour and Celosse. (Doc. 45.) On September 20, 2019, Defendants Narayan, Seymour and Celosse moved the Court to dismiss the action. (Docs. 48, 49.) Because the third amended complaint still failed to state a federal cause of action, the Court dismissed it with leave to amend. (Doc. 59.) On January 16, 2020, Plaintiffs filed a fourth amended complaint, including Defendants Litt-Stoner, Narayan, Seymour, and Celosse. (Doc. 65.) On January 30, 2020, Defendants Litt-Stoner, Narayan, Seymour, and Celosse moved to dismiss this action. (Docs. 66, 67.) The Court dismissed Defendants Narayan, Seymour, and Litt-Stoner from the action, and denied the motion to dismiss with respect to plaintiffs' survival claim against Celosse based on the asserted violation of Ayers' Eighth Amendment rights and plaintiffs' Fourteenth Amendment claim. (Doc. 88.) The court also dismissed with leave to amend plaintiffs' wrongful death claims against defendant Celosse. (Id.)

On September 17, 2020, Plaintiffs filed a notice of election not to amend the fourth amended complaint and to proceed only on their survival claim against Celosse based on Ayers' Eighth Amendment Rights and their Fourteenth Amendment claim. (Doc. 90 at 2.) On October 16, 2020, the Court dismissed Plaintiffs' wrongful death claims against Defendant Celosse and directed Celosse to file an answer. (Doc. 92.) On December 15, 2020, Celosse filed an answer. (Doc. 96.)

On January 14, 2021, the parties filed a joint scheduling report in which they indicated that "[n]o party expects to file any amended pleadings at this time," (Doc. 97 at 4), and the Court scheduled the matter according to the parties' representations and did not include a deadline for further amending the pleadings (see Doc. 98).

On November 22, 2021, Plaintiffs filed the instant motion to amend the fourth amended complaint to rejoin Defendant Narayan. (Doc. 115.) Subsequently, the parties stipulated to dismiss this action as to Defendant Celosse only (Doc. 116), and the Court closed the action as to Defendant Celosse only (Doc. 120). Defendant Narayan filed an opposition to the motion to amend on December 7, 2021. (Doc. 121.)

## II.      Legal Standards

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within

2

21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id.*

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). After a defendant files an answer, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakama Indian Nation v. Washington Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

## III.    Analysis

Plaintiffs seek to amend their complaint to rejoin a party this Court previously dismissed from the action, Defendant Narayan. (Doc. 115) Plaintiffs allege that on October 6, 2021, in the deposition of Defendant Celosse, she identified that Narayan was responsible for Ayers' medical care at all relevant times. (*See* id. at 2.) Defendant contests that, after three years of litigation, it is only now that additional facts have been uncovered providing Plaintiffs the "missing link" that ties Narayan to Ayers' suicide. (Doc. 121 at 2-3.)

At this stage of the proceedings, Plaintiffs may only amend the complaint with the opposing parties' written consent or leave of court. Fed. R. Civ. P. 15(a)(2).[1] In evaluating a motion to amend

---

[1] The Court notes that although the scheduling order did not establish a timetable for amending the pleadings (see Doc. 98), Plaintiffs' motion to amend would not satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" requirement. *See*

1  under Rule 15, the Court may consider (1) whether the party has previously amended the pleading, (2)

2  undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman*

3  *v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Comm. College Dist.*, 743 F.2d 1310,

4  1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long

5  been held to be the most critical factor to determine whether to grant leave to amend. *Eminence*

6  *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902

7  F.2d 1385, 1387 (9th Cir. 1990).

8  A.     Prior amendments

9          The Court's discretion to deny an amendment is "particularly broad" where a party has

10  previously amended the pleading. *Allen*, 911 F.2d at 373. Here, the amendment sought will be the fifth

11  amendment to the pleadings. Therefore, this factor weighs against granting leave to amend.

12  B.     Undue delay

13          By itself, undue delay is insufficient to prevent the Court from granting leave to amend

14  pleadings. *Howey v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973); *DCD Programs v. Leighton*,

15  833 F.2d 183, 186 (9th Cir. 1986). Evaluating undue delay, the Court considers "whether the moving

16  party knew or should have known the facts and theories raised by the amendment in the original

17  pleading." *Jackson*, 902 F.2d at 1387; *see also Eminence Capital*, 316 F.3d at 1052. Also, the Court

18  should examine whether "permitting an amendment would . . . produce an undue delay in the

19  litigation." *Id.* at 1387.

20          Plaintiffs assert that on October 6, 2021, Plaintiffs' counsel "learned for the first time" that

21  Celosse had left the California Correctional Institution in December 2017 and that former defendant

22  Narayan had been primarily responsible for Ayers' mental health care during the last month prior to

23  his death. (Doc. 115-3 at 3-4.) This action has been pending since December 31, 2018, and Plaintiffs

24

25  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (explaining the question of whether the liberal amendment standard of Rule 15(a) or the good cause standard of Rule 16(b) applies to a motion for leave to amend a
26  complaint depends on whether a deadline set in a Rule 16(b) scheduling order has expired). The focus of the inquiry is on the moving party and if the "[moving] party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations,*
27  *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). For the reasons discussed in this order, Plaintiffs were not diligent in obtaining the information that they consider the main issue in this litigation, *i.e.*, which individual was responsible for Ayers' medical
28  care at the relevant times, and Plaintiffs have had more than sufficient time to do so and numerous previous opportunities to amend the pleadings.

have already filed four amended pleadings. (See Docs. 1, 19, 26, 45, 65.) Plaintiffs have also had to address motions to dismiss since the filing of the second amended complaint. (See Docs. 29, 32, 48, 49, 66, 67.) Through each of the amendments and filings, the Court finds it difficult to appreciate how it is only now, almost three years after the initial filing of the complaint, that Plaintiffs should discover what they label as "the fighting issue in this matter." (See Doc. 115 at 2.) The Plaintiffs knew that Narayan was a mental health professional and was responsible for Ayers' care before his death. They knew that Celosse and Narayan treated Ayers for a limited period months before his death.  Celosse's testimony adds little. (Doc. 65 at 11)

On the other hand, Dr. Chamberlain declares that he learned, by reviewing the medical record, that Narayan saw Ayers days before Ayers' suicide. The plaintiffs fail to explain why they failed to appreciate this fact or why, if they needed an expert to interpret the facts, they failed to retain one much earlier in the case. Consequently, the Court concludes that the plaintiffs have acted with undue delay. Notably, this matter has been pending since December 2018. The plaintiffs have filed four amended pleadings each of failed to allege facts to sufficient to state a claim against Narayan.

Furthermore, though Plaintiffs do not seek to amend the scheduling order here, it is notable that the deadline for discovery pertaining to non-experts was October 14, 2021. (See Doc. 98 at 2.) *See Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming district court's conclusion that motion to amend filed two weeks before discovery deadline would cause undue delay and prejudice and holding the "district court did not abuse its discretion in denying the motion to amend at that late date"). Thus, the Court finds that permitting amendment would cause undue delay in the litigation. *Jackson*, 902 F.2d at 1387. This factor weighs against amendment.

C.     Bad faith

There is no evidence before the Court suggesting Plaintiffs acted in bad faith in seeking the proposed amendment. Therefore, this factor does not weigh for or against granting leave to amend.

D.     Futility of amendment

Futility may be found where the proposed claims duplicate existing claims or are patently frivolous, or both. *See Bonin*, 59 F.3d at 846. In addition, an amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim

or defense." *Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988). Further, a court may find a claim is futile if it finds "inevitability of a claim's defeat on summary judgment." *California v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004) (quoting *Johnson v. Am. Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987)). A proposed amendment is futile, if it cannot withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)) (reh'g en banc *Nordyke v. King*, 681 F.3d 1041 (9th Cir. 2012)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845; *see also Miller*, 845 F.2d at 214.

In the proposed fifth amended complaint, Plaintiffs claim for the first time that Defendant Narayan was the mental health professional primarily responsible for Ayers' care at the time of his death and now seek to re-join him to the action. (Doc. 123 at 9-11.) Notably, in evaluating the prior motions to dismiss, the Court found that in the fourth amended complaint, the plaintiffs continued to fail to provide factual allegations that Narayan knew that Ayers' self-report and his history required him to take a different approach and to place Ayers on a suicide watch or to provide different or additional medical care. (Doc. 54 at 6; Doc. 79 at 10.) The Court discussed that the allegations admit that Narayan did not fail to provide medical care, only that he did not provide the medical care that Ayers wanted. (See Doc. 54 at 7; Doc. 65 at 7; Doc. 79 at 10.) Plaintiffs continued to allege in their fourth amended complaint that Narayan saw Ayers on just one occasion in December 2017 and did not allege facts Narayan knew about Ayers' condition or any medical treatment after this visit and before Ayers' death in February 2018. (See Doc. 65; Doc. 79 at 10.)

The proposed fifth amended complaint now alleges that Narayan saw Ayers a few days before his suicide. (Doc. 123 at 10-11) The plaintiffs allege that Ayers reported to Narayan that he was paranoid and was having auditory and visual hallucinations. Id. at 10. Ayers advised Narayan that he had been diagnosed with schizophrenia and needed antipsychotic medication. Id. at 10-11. Rather than providing medication or additional treatment, the plaintiffs allege that Narayan referred Ayers for testing to rule out malingering rather than follow protocols that required Narayan to order Ayers be placed in a higher level of care while Narayan explored whether a psychiatric condition existed. (Doc. 123 at 13-14) Thus, the Court conclude that these additional allegations, as supported by the

information from Dr. Chamberlain, demonstrate a cause of action against Narayan and such an amendment does not appear to be futile.

E.      Prejudice to the opposing party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir. 1977). Prejudice must be substantial to justify denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Narayan offers no argument or evidence that allowing the amendment would prejudice him. (Doc. 121) Instead, he argues only that the plaintiffs should have discovered this additional interaction between Narayan and Ayers in the lengthy period this case has been pending. The Court agrees, but this is a separate factor from the consideration of prejudice. Id. at 3. *See Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) ("[T]he consideration of prejudice to the opposing party carries the greatest weight.") Though the Court dismissed Narayan from the action on August 19, 2020, there is no indication that he has suffered any reduction in his ability to defend himself in this action. Though the other defendant, the State of California may suffer a delay in the action proceeding to trial—though no trial date has been set—the State offers no opposition to the motion to amend. Thus, the Court concludes that there is no prejudice to either defendant if the amendment is permitted.

**IV.     Conclusion and Order**

Based upon the foregoing, the factors set forth by the Ninth Circuit weigh against and for allowing Plaintiff to file the fifth amended complaint. *See Madeja*, 310 F.3d at 636. Because the Court finds that the factors weigh in favor of amendment, the Court is acts within its discretion in granting the motion to amend. *See Swanson*, 87 F.3d at 343. Accordingly, the Court **ORDERS** that Plaintiffs' motion to amend (Doc. 115) is **GRANTED**.

*///*

1          The plaintiff SHALL file their fifth amended complaint within three court days.

2

3   IT IS SO ORDERED.

4      Dated:   **January 9, 2022**

5                                                        UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28