UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA SMITHEE, *et al*., | Case No. 1:19-cv-00004-JLT-CDB |
| Plaintiffs, | ORDER REQUIRING DEFENDANT TO PAY SANCTIONS OF $100 PER DAY |
| v. | |
| CALIFORNIA CORRECTIONAL INSTITUTION, *et al*., | (Doc. 171) |
| Defendants. | |

On September 16, 2024, Defendant Pratap Narayn ("Defendant") filed a motion for summary judgment against Plaintiffs Dana Smithee and E.M. ("Plaintiffs"). (Doc. 163). On October 21, 2024, the Court notified Defendant that his summary judgment filings failed to comply with Local Rule 260 and 133. (Doc. 171). Those rules provide in relevant part:

> **Local Rule 260(a): Motions for Summary Judgment or Summary Adjudication.** Each motion for summary judgment or summary adjudication shall be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact. The moving party shall be responsible for the filing of all evidentiary documents cited in the moving papers. See L.R. 133(j).
>
> **Local Rule 133(j): Depositions** … Before or upon the filing of a document making reference to a deposition, counsel relying on the deposition shall ensure that a courtesy hard copy of the entire deposition so relied upon has been submitted to the

1

Clerk for use in chambers. Alternatively, counsel relying on a deposition may submit an electronic copy of the deposition in lieu of the courtesy paper copy to the email box of the Judge or Magistrate Judge and concurrently email or otherwise transmit the deposition to all other parties.

Because Defendant had not lodged with chambers a complete copy of the transcripts of two depositions referred to and relied on by Defendant in his motion for summary judgment, the Court entered an order directing Defendant to comply with the lodging requirement by the following day (*i.e*., in advance of the hearing on the summary judgment motion). (Doc. 171). Defendant was warned that failure to timely comply would result in the imposition of sanctions. *Id.*

Defendant did not timely comply with the Court's order to lodge a copy of the transcripts before the motion hearing and did not otherwise address his delinquency during the hearing. At the conclusion of the hearing, the Court pointed out that Defendant was delinquent and indicated to counsel for Defendant he needed to immediately comply with the Court's order and the local rules. Counsel for Defendant confirmed his awareness of the earlier order, explained he had been busy and unable to lodge the transcripts, and that he would "immediately" remedy the delinquency. *See* (Doc. 172).

More than 24 hours have passed since the motion hearing, but Defendant has yet to comply with Local Rule 260, Local Rule 133, and the Court's order directing him to lodge the deposition transcripts as discussed above.

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to "secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and

dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to compel a party to comply with the Court's orders, the Court may issue daily sanctions until compliance is obtained. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a).

Here, as summarized above, Defendant failed to comply with the duties imposed by the Local Rules on a party moving for summary judgment to lodge complete deposition transcripts with the Court. The Court thereafter directed Defendant to comply with these local rules, and he did not. The Court extended to Defendant another opportunity to comply following the hearing on Defendant's motion for summary judgment, yet, Defendant still has failed to comply. Accordingly, the Court finds that monetary sanctions are appropriate to compel Defendant to comply with this Court's orders and the local rules. Therefore, to gain Defendant's compliance, a $100 sanction shall be imposed on Defendant commencing on the date of this order and shall continue to be imposed each day thereafter until Defendant properly lodges complete copies of the deposition transcripts at issue. Defendant's lodging of the transcripts on the date of this order will not relieve Defendant of the sanction imposed commencing on this date. Further, the daily deadline shall expire at the close of business each day at 5:00 pm.

///

///

///

Based on the foregoing, IT IS HEREBY ORDERED, Defendant shall pay the Clerk of the Court $100 per day, beginning on the date of this order, until Defendant lodges complete copies of the deposition transcripts at issue.

IT IS SO ORDERED.

Dated:   **October 23, 2024**                    _____
UNITED STATES MAGISTRATE JUDGE