UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA SMITHEE, *et al.*, | Case No. 1:19-cv-00004-JLT-CDB |
| Plaintiffs, | ORDER DISCHARGING SANCTIONS ORDER AND REQUIRING DEFENDANT TO PAY SANCTIONS |
| v. | |
| CALIFORNIA CORRECTIONAL INSTITUTION, *et al.*, | (Doc. 173) |
| Defendants. | **14-Day Deadline** |

On September 16, 2024, Defendant Pratap Narayn ("Defendant") filed a motion for summary judgment against Plaintiffs Dana Smithee and E.M. ("Plaintiffs"). (Doc. 163). On October 21, 2024, the Court notified Defendant that his summary judgment filings failed to comply with Local Rule 260 and 133 because he failed to lodge with chambers a complete copy of the transcripts of two depositions referred to and relied on by Defendant in his motion for summary judgment. (Doc. 171) (citing Local Rule 260(a) and Local Rule 133(j)). Accordingly, the Court ordered Defendant to comply with the lodging requirement by the following day (*i.e.*, in advance of a scheduled motion hearing in this action). *Id.* Defendant was warned that failure to timely comply would result in the imposition of sanctions. *Id.*

Defendant did not timely comply with the Court's order to lodge a copy of the transcripts before the motion hearing and did not otherwise address his delinquency during the hearing. At the

1

conclusion of the hearing, the Court pointed out that Defendant was delinquent in complying with the Court's order and indicated to counsel for Defendant he needed to immediately comply with the Court's order and the local rules.  Counsel for Defendant confirmed his awareness of the earlier order, explained he had been busy and unable to lodge the transcripts, and that he would "immediately" remedy the delinquency.  *See* (Doc. 172).

After more than 24 hours had passed following the motion hearing, Defendant had yet to comply with Local Rule 260, Local Rule 133, and the Court's order directing him to lodge the deposition transcripts as discussed above.  Accordingly, on October 23, 2024, the Court entered an order requiring Defendant to pay daily sanctions in the amount of $100 until he properly lodged complete copies of the two deposition transcripts at issue.  (Doc. 173).

That same day, an attorney not noticed in this action but seemingly acting at the direction of counsel for Defendant emailed to chambers of the undersigned .pdf versions of the two deposition transcripts at issue.  In light of Defendant's prompt response to the Court's sanctions order and having now come into compliance with the Court's orders and the Local Rules, the Court shall discharge further sanctions and shall impose a $100 sanction based on the Court's order.  *Id.* at 3 ("Defendant's lodging of the transcripts on the date of this order will not relieve Defendant of the sanction imposed commencing on this date").

Based on the foregoing, IT IS HEREBY ORDERED that:

Defendant Pratap Narayn shall pay the Clerk of the Court $100.00 in sanctions no later than November 7, 2024.  Defendant shall promptly file proof of payment with the Court once payment is made.

And IT IS FURTHER ORDERED that if such payment and proof of payment is not timely made, additional sanctions of $50.00 per day shall issue from November 7, 2024, until full payment is received.

IT IS SO ORDERED.

Dated:   **October 24, 2024**

UNITED STATES MAGISTRATE JUDGE