**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANA SMITHEE, et al,<br><br>             Plaintiffs,<br><br>    v.<br><br>PRATAP NARAYAN, et al.,<br><br>             Defendants. | Case No. 1:19-cv-0004 JLT CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANT PRATAP NARAYAN'S MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 163, 180) |

      Dana Smithee and E.M., a minor, by and through her guardian ad litem Jennifer Montes, seek to recover damages following the death by suicide of Smithee's son, Cyrus Ayers, while Cyrus was incarcerated at California Correctional Institution ("CCI").  In the operative sixth amended complaint (Doc. 142), Plaintiffs assert a claim pursuant to 42 U.S.C. § 1983 for deliberate indifference against Defendant Pratap Narayan, M.D.  who at the time of the decedent's passing was CCI's chief psychiatrist during the months leading up to the suicide.

      On November 22, 2024, the assigned magistrate judge issued findings and recommendations to deny Defendant's motion for summary judgment.  (Doc. 180 at 24.)  In his findings and recommendations, the assigned magistrate judge also denied the parties' respective motions to exclude and/or disqualify each side's expert witness.

      Defendant timely filed objections to the findings and recommendations on December 6, 2024. (Doc. 181).  Plaintiffs timely filed a response to the objections on December 10, 2024.

(Doc. 182.) In his objections, Defendant challenges the assigned magistrate judge's denial of his motion to exclude and disqualify Plaintiffs' expert witness, Salma Khan, M.D. ("Dr. Khan"). (Doc. 181 at 1.) Defendant reiterates arguments already presented in his motion, specifically that Dr. Khan, as a psychiatrist employed by the California Department of Corrections and Rehabilitation cannot offer expert testimony in this case because her employment presents a conflict of interest. (*Id.* at 2.)

A magistrate judge is empowered by statute to "determine" non-dispositive matters, such as discovery disputes, as opposed to merely making recommendations. 28 U.S.C. § 636(b)(1). Rule 72(a) of the Federal Rules of Civil Procedure governs the Court's review of objections to a magistrate judge's non-dispositive pre-trial order, such as the magistrate judge's ruling here on Defendant's motion to preclude an expert witness from testifying. Under Rule 72(a), a magistrate judge's ruling on such non-dispositive matters is subject to a "clearly erroneous or is contrary to law" standard. *See* Fed. R. Civ. P. 72(a).

Here, the magistrate judge properly determined that Defendant failed to advance any compelling basis for the Court to strike Dr. Khan's expert declaration or preclude her or otherwise disqualify her from testifying at trial. (Doc. 180 at 15-16 (citing *inter alia Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1092 (N.D. Cal. 2004), and *Campbell Indus. V. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980)).) According to *Hewlett-Packard*, a case relied upon by Defendant, expert disqualification is a "drastic measure that courts should impose only hesitantly, reluctantly, and rarely. 330 F. Supp. 2d at 1092. Among the many general principles considered, disqualification of an expert may be warranted where "(1) the adversary had a confidential relationship with the expert and (2) the adversary disclosed confidential information to the expert that is relevant to the current litigation." 330 F. Supp. 2d at 1092 (internal citations and quotations omitted). However, "if only one of the two factors is present, disqualification likely is inappropriate." *Id*. at 1093. Assuming Dr. Khan had a confidential relationship with CDCR by virtue of her employment, it remained Defendant's burden to also "point to specific and unambiguous disclosures that if revealed would prejudice the [Defendant]." *Id*. at 1094. Though Defendant *asserted* that Dr. Khan may have accessed internal CDCR databases to review

decedent's medical records, (*see* Doc. 175-2 at 20), Defendant provided no evidence that this occurred and therefore failed to meet the burden of proof on that issue. Moreover, while correctly pointing out that issues of fundamental fairness and prejudice, as well as other policy considerations, are relevant, Defendant presents no arguments or authorities that suggest the magistrate judge's analysis or conclusion was clearly erroneous or contrary to law.

Defendant's objection to the magistrate judge's findings and recommendation that his motion for summary judgment be denied is based entirely on Defendant's argument that the magistrate judge improperly relied on Dr. Khan's expert report to find disputed issues of material fact going to the Eighth Amendment deliberate indifference claim. Because the undersigned concludes that the magistrate judge properly declined to disqualify Dr. Khan, it is appropriate to consider Dr. Khan's expert opinions. According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Defendant's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on November 22, 2024 (Doc. 180) are **ADOPTED IN FULL**.
2. Defendant's objection to the denial of his motion to disqualify Plaintiffs' expert witness (Doc. 175) are **OVERRULED**.
3. Defendant's motion for summary judgment (Doc. 163) is **DENIED**.

IT IS SO ORDERED.

Dated:   **January 22, 2025**

UNITED STATES DISTRICT JUDGE

3