UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA SMITHEE, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PRATAP NARAYAN, *et al.*,<br><br>　　　　Defendants. | Case No. 1:19-cv-0004-JLT-CDB (PC)<br><br>ORDER GRANTING RENEWED EX PARTE APPLICATION TO SUBSTITUTE GUARDIAN AD LITEM FOR MINOR PLAINTIFF E.M.<br><br>(Doc. 196) |

　　　　Plaintiffs Dana Smithee and E.M., a minor, by and through her guardian ad litem Jennifer Montes (collectively, "Plaintiffs"), seek to recover damages following the death by suicide of Smithee's son, Cyrus Ayers, while he was incarcerated at California Correctional Institution ("CCI"). In the operative sixth amended complaint (Doc. 142), Plaintiffs assert a claim pursuant to 42 U.S.C. § 1983 for deliberate indifference against Defendant Pratap Narayan, M.D., who at the time of the decedent's passing was CCI's chief psychiatrist during the months leading up to the suicide. On January 9, 2019, the Court granted the petition to appoint Jennifer Montes as guardian ad litem for minor Plaintiff E.M. (Doc. 9).

　　　　On April 1, 2025, the Court denied without prejudice Plaintiffs' initial application to substitute Dana Smithee as guardian ad litem for minor Plaintiff E.M. and directed Plaintiffs to file a compliant, renewed application within seven days from the date of entry of the order. (Doc. 195). The Court admonished that Plaintiff's initial application fails to include a sworn attestation by the proposed guardian ad litem and fails to disclose the terms under which Plaintiff's counsel was employed, whether

1

counsel became involved in the application at the insistence of any Defendant, and whether counsel stands in any relationship to Defendant. (*Id.* at 4-5).

Pending before the Court is Plaintiffs' renewed application to substitute Dana Smithee as guardian ad litem for minor Plaintiff E.M., filed on April 4, 2025. (Doc. 196). Although the time for Defendant to file an opposition or notice of non-opposition in response to the motion has not yet expired, the Court deems the filing of such unnecessary before ruling on the motion.

**Governing Authority**

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor may sue or defend on the minor's behalf. Fed. R. Civ. P. 17(c). A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." (*Id.*) The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1); *see id.* § 372(d)(1)–(2) ("Before a court appoints a guardian ad litem pursuant to this chapter, a proposed guardian ad litem shall disclose both of the following to the court and all parties to the action or proceeding: (1) Any known actual or potential conflicts of interest that would or might arise from the appointment[; and] (2) [a]ny familial or affiliate relationship the proposed guardian ad litem as with any of the parties.").

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. (*See id.*) (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042,

1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. (*Id.*) (citations omitted).

>  Further, the Local Rules of the Eastern District of California provide:
>
> (a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c);
>
>  . . . .
>
> (c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. Local Rule 202 (citing Fed. R. Civ. P. 17(c)). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

**Discussion**

Plaintiffs' application sets forth that Plaintiff E.M. is a minor child that is currently nine years old and is the granddaughter of Plaintiff Dana Smithee. (Doc. 196 ¶¶ 1, 2). Plaintiffs represent that E.M. has no guardian of her estate. (*Id.* ¶ 4). Plaintiffs seek to modify the Court's January 9, 2017, order (Doc. 9) granting the petition to appoint Jennifer Montes as guardian ad litem for E.M. (*Id.* ¶ 5).

Plaintiffs represent that Smithee is willing to serve as guardian ad litem for E.M. and is fully competent to understand and protect the rights of the minor, and has no interest adverse to that of E.M. (*Id.* ¶ 6). Smithee declares that she has "conducted a diligent inquiry[,]" has determined that "there are no actual or potential conflicts of interest that would arise" from her appointment as guardian ad litem for E.M., and that she consents to the substitution and will fulfill her obligations as guardian ad litem for E.M. (*Id.* at 5, Decl. of Dana Smithee ("Smithee Decl.") ¶¶ 2-3). Montes declares that she is currently the guardian ad litem for E.M. in this case and that because she determined "it would be difficult for [her] to continue to prosecute this suit as the guardian ad litem[,]" and that "there are no actual or potential conflicts of interest that would arise" from the appointment of Smithee, she consents to the substitution and requests that Smithee be appointed. (*Id.* at 5, Decl. of Jennifer Montes ("Montes Decl.") ¶¶ 1-4).

Separately, Plaintiffs represent that they are represented by the Brod Law Firm, P.C. and Lipman Law Firm, P.C., and the terms of the agreement provide for a contingency fee of 40% of any recovery, which is waived in the event of an award for attorney's fees and the attorney elects to receive an attorney's fees award. (Doc. 196 ¶ 10). Plaintiffs represent that "[n]either Gregory Brod of the Brod Law Firm, P.C., nor Jeffrey Lipman of the Lipman Law Firm, P.C. became involved in this case, or the instant application to substitute … at the insistence of the defendant in this case and neither Mr. Brod nor Mr. Lipman have any relationship with Defendant [Narayan]." (*Id.* ¶ 11). Plaintiffs represent its counsel expects "only to receive compensation pursuant to the Attorney-Client Contingency Fee Agreement, in which all costs are borne by the attorneys, and Plaintiffs are not responsible for attorney's fees or costs in the event the action is unsuccessful" and if "Plaintiffs prove their case, Plaintiffs' counsel expect to receive compensation either based upon the [contingency fee agreement], or from an attorney's fees award by this Court[.]" (*Id.* ¶ 12).

The Court finds that the standards for the appointment of Dana Smithee have been met and that she is competent and qualified to serve as guardian ad litem for E.M. *See* E.D. Cal. Local Rule 202(c). Thus, the Court shall authorize the application to substitute Dana Smithee as guardian ad litem for E.M.

///

///

///

**Conclusion and Order**

Accordingly, and for good cause shown, it is HEREBY ORDERED that:

1. Plaintiffs' renewed application to substitute Dana Smithee as guardian ad litem (Doc. 196) is GRANTED;
2. Dana Smithee is appointed to act as guardian ad litem for E.M. and is authorized to prosecute the action on E.M.'s behalf; and
3. The Clerk of the Court is DIRECTED to terminate Jennifer Montes as guardian ad litem and update the docket accordingly.

IT IS SO ORDERED.

Dated: **April 7, 2025**

UNITED STATES MAGISTRATE JUDGE