UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA SMITHEE, et al, <br><br> Plaintiffs, <br><br> v. <br><br> PRATAP NARAYAN, et al., <br><br> Defendants. | Case No. 1:19-cv-0004 JLT CDB (PC) <br><br> ORDER DENYING REQUEST FOR RECONSIDERATION OF ORDER SUBSTITUTING GUARDIAN AD LITEM <br><br> (Docs. 199, 200) |

Dana Smithee and E.M., a minor, seek to recover damages following the death by suicide of Smithee's son and E.M.'s father, Cyrus Ayers, while Cyrus was incarcerated at California Correctional Institution ("CCI"). The matter is scheduled for a settlement conference before U.S. Magistrate Judge Chi Soo Kim on April 11, 2025. (Doc. 192.)

On January 7, 2019, Jennifer Montes, E.M.'s mother, was appointed as E.M.'s guardian ad litem. (Doc. 9.) On March 31, 2025, Plaintiffs moved to substitute Dana Smithee as E.M.'s guardian ad litem in place of Ms. Montes, with both Ms. Montes and Ms. Smithee consenting to the substitution. (Doc. 193.) On April 1, 2025, the assigned magistrate judge denied that motion without prejudice to the filing within seven days of a renewed application addressing certain deficiencies. (Doc. 195.) On April 4, 2025, Plaintiffs filed a renewed application that provided additional information relevant to disposition of the substitution request. (*See generally* Docs. 195, 196.) Among other things, Ms. Montes represented that "it would be difficult" for her to

continue to prosecute this suit as E.M.'s guardian. (*Id*. at 5.)

Though neither the March 31 nor April 4 applications were labeled as "ex parte," the magistrate judge nonetheless addressed the matter on an "ex parte" basis given the impending settlement conference, and, after making relevant findings, granted the motion on April 7, 2025. (*See* Doc. 199.) On April 8, 2025, Defendant filed "objections" to the magistrate judge's substitution order, (Doc. 200), which the Court construes as a motion for reconsideration pursuant to Local Rule 303(c). Pursuant to Local Rule 303(f), this Court applies the "clearly erroneous or contrary to law" standard of review to the substitution order, because it is a non-dispositive, pretrial matter in civil case.

Defendant raises two substantive objections to the substitution order.[1] First, Defendant complains that the matter should not have been handled "ex parte" (i.e., on an expedited basis) because to justify such treatment the moving party must show: (a) that proceeding via regular notice procedures would prejudice them and (b) that the moving party is without fault in creating the crisis or that the crisis occurred because of excusable neglect. (Doc. 200 at 2.) However, as mentioned, the Plaintiffs did not formally request ex parte treatment. The magistrate judge simply acted on the request quickly given the status of the case, having absolutely no reason to believe there would be an objection from Defendant, who had been on notice of the substitution request since March 31, 2025. Therefore, the Court finds no error in the magistrate judge *sua sponte* expediting a ruling on the issue.

Second, Defendant protests that they will be "prejudiced" by the substitution because, while Ms. Montes has been deposed, Ms. Smithee has not, ostensibly because she has not "participated in the case." (Doc. 200 at 3.) Defendant complains that "[s]ince the discovery cut-off has already passed, Dana Smithee cannot be deposed without some serious procedural gymnastics." (*Id*.) This is a problem of the Defense's own making. Ms. Smithee has been a Plaintiff in this case since its inception, (Doc. 1), and is listed as a witness in Plaintiff's pretrial

---

[1] It is unclear whether Defendant even has standing to protest the substitution. *See, e.g., Lopez v. CSX Transportation, Inc*., No. 3:14-CV-257, 2020 WL 6151582, at *12 (W.D. Pa. Oct. 20, 2020)("The purpose behind appointing a guardian is to protect the interests of the incompetent person, not the other party.") (internal citation omitted). Nonetheless, for purposes of this analysis, the Court will assume Defendant has the right to object.

2

statement. (Doc. 188.) Defendant had sufficient notice of Ms. Smithee's involvement in the case. Defendant is not wrong to note that the explanation as to why Ms. Montes could no longer serve as guardian is thin on details, but the Defense also does not provide any authority indicating that further detail is necessary under the circumstances.

In sum, the Court finds no basis to reconsider the order substituting Ms. Smithee as the guardian ad litem, and the request for reconsideration is **DENIED**.

IT IS SO ORDERED.

Dated:   **April 9, 2025**                                                  _____
                                                                                            UNITED STATES DISTRICT JUDGE