UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA SMITHEE, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>PRATAP NARAYAN, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00004-JLT-CDB (PC)<br><br>ORDER DENYING PETITION FOR APPROVAL OF COMPROMISE OF CLAIM OF A MINOR WITHOUT PREJUDICE<br><br>(Docs. 217, 218)<br><br>**May 8, 2026, Deadline** |

Plaintiffs Dana Smithee and E.M., a minor, by and through her guardian ad litem Jennifer Montes (collectively, "Plaintiffs"), seek to recover damages following the death by suicide of Smithee's son and E.M.'s father, Cyrus Ayers, while he was incarcerated at California Correctional Institution ("CCI").

Pending before the Court is Plaintiffs' petition for approval of compromise of claim of a minor and proposed order thereto, filed on April 22, 2026. (Docs. 217, 218). Plaintiffs represent that as "a result of a global settlement in this case, E.M.'s claim will be settled without trial." (Doc. 217 ¶ 4). Plaintiffs represent that their claims are based in compensatory damages for the loss of Decedent Ayers and "are essentially similar." *Id.* ¶ 5. Plaintiff Smithee represents that she understands "that if the compromise proposed in this petition is approved by the [C]ourt and consummated, the claimant will never be able to recover any more compensation from the settling defendants … even if the claimant's injuries turn out to be more serious than they now appear." *Id.* ¶ 6. Plaintiffs represent that the total amount of the settlement offered by Defendant Pratap Narayan, M.D. ("Defendant") on behalf of the

1

State of California is $625,000.00, which is inclusive of attorney's fees and costs, and the total amount sought to be placed into a single-premium deferred annuity on behalf of E.M. is $100,000.00 as set forth in the petition. *Id.* ¶¶ 7, 8. Counsel for Plaintiffs believes "the distribution of the settlement funds are appropriate and fair" and that both Plaintiffs "will receive essentially the same amount upon Plaintiff E.M.'s receipt of the funds under the proposed struc[tured] settlement." *Id.* ¶ 10. Plaintiff Smithee therefore recommends approval of the proposed compromise "as fair, reasonable, and in the best interests of the Claimant" and requests this Court approve this compromise and make any other orders that are just and reasonable. *Id.* ¶ 11.

### Settlement Approval Standards

No settlement or compromise of "a claim or against a minor or incompetent person" is effective unless it is approved by the Court. Local Rule 202(b). The purpose of requiring the court's approval is to provide an additional level of oversight to ensure that the child's interests are protected. *K.M. v. Tehachapi School District*, No. 1:17-cv-01431-LJO-JLT, 2019 WL 991048, at *4 (E.D. Cal. Feb. 28, 2019). Under Local Rule 202(b)(2), a party seeking approval of the settlement must disclose:

> [T]he age and sex of the minor, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount ... was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

L.R. 202(b)(2). Under Federal Rule of Civil Procedure 17(c), the Court has a responsibility to safeguard the interests of child-litigants. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). The Court is obligated to independently assess the fairness of a settlement even where the parent has recommended it. *Id.* at 1181; *see Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem") (internal citation omitted). The Court also is required to consider whether the net amount distributed to a minor plaintiff is fair and reasonable in light of the

facts of the case, the minor's specific claim, and recovery in similar cases. *Robidoux*, 638 F.3d at 1181-82.

**<u>Discussion</u>**

Here, Plaintiffs' proposed petition for approval of compromise of claim of a minor is inadequate under Local Rule 202(b)(2). Significantly the petition fails to describe with sufficient detail the events and circumstances that gave rise to Plaintiffs' claims stemming from Decedent Ayers's death by suicide while he was incarcerated at CCI. Other than generalized recitals that Plaintiff Smithee "made a careful and diligent inquiry" as to the nature, extent, and seriousness of the claimant's injuries, the petition does not sufficiently disclose the manner in which the compromise amount was determined to enable the Court to determine the fairness of the settlement or compromise. *See* Local Rule 202(b)(2); *Salmeron*, 724 F.2d at 1363; *cf.*, *Bravo v. United States*, No. 1:14-cv-01004-AWI-JLT, 2016 WL 3418450, at *3 (E.D. Cal. June 22, 2016) (noting that the key terms of the settlement agreement were developed through a settlement conference before an assigned magistrate judge familiar with the facts of the case).

Separately, the Court is required to consider the outcome of similar cases to determine whether the sum to settle the minor's claims is reasonable. *Robidoux*, 638 F.3d at 1181; *Salmeron*, 724 F.2d at 1363. Here, however, the petition fails to cite any cases involving similar facts and recoveries to allow the Court to consider whether the net amount distributed to minor E.M. is fair and reasonable. *Cf. B.R.L. by and through Lara v. Clinca Sierra Vista*, No. 1:21-cv-01445-JLT-CDB, 2024 WL 4502142, at *5 (E.D. Cal. Oct. 16, 2024) (recommending approval of minor's compromise following comparison of facts and circumstances of the case with other similar cases cited by the plaintiffs involving similar claims).

Finally, the petition fails to specify the amount of the settlement proceeds that are to be paid for attorney's fees and costs. *See, e.g., T.V.S. by and through Vargas v. City of Clovis*, No. 1:24-cv-00987-KES-EPG, 2026 WL 946904, at *5 (E.D. Cal. Apr. 8, 2026) (reviewing minor's compromise for reasonableness and recommending award of full amount sought for attorney's fees and costs).

Because the petition as proposed fails to meet the requirements under Local Rule 202(b)(2), the Court will deny the petition without prejudice to Plaintiffs' refiling of an amended petition that remedies the deficiencies noted herein and comports with Local Rule 202(b)(2) as set forth below.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiffs' petition for approval of compromise of claim of a minor and proposed order thereto (Docs. 217, 218) are DENIED without prejudice.  *See* Local Rule 202(b)(2).

2. Plaintiffs SHALL FILE no later than **May 8, 2026,** an amended petition for approval that remedies the deficiencies noted herein and comports with Local Rule 202(b)(2).

IT IS SO ORDERED.

Dated:   **April 29, 2026**  _____

UNITED STATES MAGISTRATE JUDGE

4